UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DARCIE JEAN STICKLER,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner, Social Security Administration,<br><br>    Defendant. | CIV. 14-5087-JLV<br><br>ORDER |

**INTRODUCTION**

On March 24, 2016, the court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Darcie Strickler's application for benefits and (2) remanding the case for the purpose of calculating and awarding benefits. (Docket 16). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Brian Gosch, counsel for Ms. Stickler, timely moved for an award of attorney's fees and expenses. (Docket 18). Ms. Stickler seeks an award of $17,812.50 in attorney's fees, and court costs of $400.[2] (Docket 20 at p. 1). The Commissioner does not object to an award of EAJA fees, but objects to the amount sought in Ms. Stickler's

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Mr. Gosch is employed by South Dakota Advocacy Services, a § 501(c)(3) non-profit corporation which is exempt from state and local sales taxes.

motion. (Docket 21). For the reasons stated below, the court grants in part and denies in part Ms. Stickler's motion.

## ANALYSIS

Mr. Gosch's opening brief asks that his hourly rate be paid at $125, the rate stated in the EAJA. (Docket 20 ¶ 6). His reply brief asks the court to set the hourly rate at $185.55, after factoring in the cost of living adjustment permitted by the EAJA. (Docket 22 at p. 2).

The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. In other cases in 2015, the year during which work in the present case occurred, the court adopted $178.75 as the reasonable per hour rate. See Colhoff v. Colvin, CIV. 13-5002 (D.S.D. 2013), Docket 35 at pp. 5-6; Baker v. Colvin, CIV. 15-5042 (D.S.D. 2015), Dockets 21 at p. 1 and 23. The court finds the rate of $178.75 is reasonable considering the training and experience of Mr. Gosch in the practice of social security law. The Commissioner's objection did not acknowledge the anticipated increase in the hourly rate over the rate set in § 2412(d)(2)(A). (Docket 21). After Mr. Gosch filed his reply brief, the Commissioner did not seek leave to file a sur-rebuttal brief opposing the requested increase in the hourly rate.

The Commissioner seeks to reduce the number of Mr. Gosch's billable hours to 35 hours. (Docket 21 at p. 2). The Commissioner argues "the typical number of hours spent on a district court Social Security proceeding is 20 to 40." Id. (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633 (N.D. Iowa Dec. 17, 2007)). The Commissioner contends "[n]othing about the facts and issues in this matter supports a deviation from that average EAJA award, and certainly not one as substantial as Mr. Gosch has requested." Id. at p. 3.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Mr. Gosch representing Ms. Stickler were "reasonably expended." See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A). The administrative record in Ms. Stickler's case was 707 pages in length, which the Commissioner acknowledges is "slightly longer than average . . . ." (Docket 21 at p. 4). After reviewing Mr. Gosch's time log (Docket 20-1) and considering the parties' arguments on this issue, the court finds certain reductions are proper.

Due to the manner in which Mr. Gosch recorded his hours in his time log, the court finds it most helpful to aggregate the hours into four discrete categories: time spent with the client or performing administrative functions and preparing the summons and complaint; time spent preparing the joint statement

3

of material facts ("JSMF"); preparing Ms. Stickler's motion and supporting memorandum to reverse the decision of the Commissioner; and time spent preparing a reply brief.[3]

Mr. Gosch reports spending 15.5 hours with his new client, preparing the summons and complaint, performing organizational activities and communicating with either the client or her family members.  Mr. Gosch asks to be reimbursed for his time organizing and reviewing the file, separate and apart from preparing the JSMF and performing other administrative functions because a former attorney with South Dakota Advocacy Services left the file in a state of disarray.  (Docket 22 at p. 3).  Although the court recognizes that South Dakota Advocacy Services is a small non-profit organization, "[i]t is appropriate to distinguish between legal work, in the strict sense, and . . . clerical work . . . and other work which can be accomplished by non-lawyers but which a lawyer may do because he has no other help available."  Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989).  The "dollar value [of that work] is not enhanced because a lawyer does it."  Id.  Mr. Gosch has not identified an hourly value associated with these clerical or secretarial activities which are typically part of law practice overhead.  See Lacy v. Massanari, No. 4:01CV3000, 2002 WL

---

[3]Mr. Gosch's time log is very scant in description and does not contain sufficient detail to allow the court to make a more particularized examination of the various legal activities which may have been involved in Ms. Stickler's case. To meet his burden of proof, Mr. Gosch must "submit evidence supporting the hours worked . . . ."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The court may deduct hours when the motion and supporting documentation fail to adequately document the hours claimed.  Id.

269382, at *3 (D. Neb. Feb. 26, 2002) (referencing Jenkins by Agyei, 491 U.S. at 288 n.10; other citations omitted). Those tasks must be removed from EAJA consideration.

The court finds the 13 hours spent communicating with the client or a family member and organizing or reviewing the file in advance of those sessions were not reasonably spent in advocating his case before the court. The court finds Mr. Gosch reasonably expended 3.5 hours in this category.

Mr. Gosch spent approximately 48.53 hours preparing the JSMF in Ms. Stickler's case. This court requires attorneys in social security cases to submit a highly detailed JSMF. (Docket 7 at pp. 1-2). In Ms. Stickler's case, the administrative record was 700 pages in length, contained multiple documents involving clinical evaluations of Ms. Stickler's mental conditions for consideration at step 3 of the evaluation process, her activities of daily living, lay witness testimony and the testimony of her treating psychiatrist. While the JSMF was not as detailed as the court prefers and the parties chose to cite separately to the administrative record, the parties and the court did rely on the JSMF. See Dockets 13-14 & 16.

Mr. Gosch's time log, however, shows a number of entries which seem to be for repetitive work in reviewing the administrative record and drafting the JSMF. Due to the level of detail the court requires of attorneys when submitting a JSMF and the size of the administrative record, the court finds Mr. Gosch reasonably expended 25 hours preparing the JSMF in the case. (Docket 15).

5

Mr. Gosch spent approximately 46.5 hours preparing his motion and supporting memorandum to reverse the decision of the Commissioner in Ms. Stickler's case. The court finds 46.5 hours is excessive for preparing the initial motion and memorandum after 48.5 hours was already spent preparing the JSMF. Using three hours to scrutinize the administrative record and the JSMF is redundant. Because of the complex nature of the plaintiff's challenges to the Commissioner's decision, the court finds 26.5 hours spent preparing his motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts and complexity of Ms. Stickler's case.

Mr. Gosch spent approximately 24.7 hours preparing and filing a reply brief in response to the government's response to the motion to reverse the decision of the Commissioner. (Docket 15). The Commissioner seeks a substantial reduction for preparation of the reply brief because of the use of "identical wording" from the opening brief. (Docket 21 at p. 8).

The court finds Mr. Gosch's reply brief produced strong advocacy, with specific reference to the JSMF and the administrative record, asking the court to dismiss the Commissioner's arguments and reverse the administrative decision. The court incorporated a substantial part of Mr. Gosch's analysis into the order reversing the administrative decision. (Docket 16). Because of the complex nature of the issues in the case, the court finds Mr. Gosch reasonably expended the 16.5 hours preparing the reply brief.

Mr. Gosch seeks an additional three hours for the time expended preparing the motion for attorney's fees. (Docket 20-1 at p. 3). The Supreme Court held that attorney's fees under the EAJA may be awarded for the time spent applying for the EAJA fee award. Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990). Mr. Gosch is entitled to recover for the 3 hours requested.

The court finds a total of 74.5 hours were reasonably expended by Mr. Gosch and in line with the complexity of this case, for a total attorney's fee award of $13,316.88.[4] No objection was made to the $400 for court filing costs to be paid from the Judgment fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 18) is granted in part and denied in part. Plaintiff is awarded $13,316.88 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

---

[4]The Commissioner's reference to Coleman as authority to reduce Mr. Gosch's hours was disingenuous. In Coleman, the administrative record "was comparatively small, at 294 pages." Coleman, 2007 WL 4438633, at *3. The court further found the "case was not unusually complex . . . ." Id. Ms. Stickler's case not only contained an extensive administrative record, but involved very complex medical issues which had not been properly analyzed by the administrative law judge whose decision was not supported by the administrative record. See Docket 16.

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Darcie Jean Stickler but delivered to plaintiff's attorney Brian Gosch, South Dakota Advocacy Services, 1575 North LaCrosse Street, Suite K, Rapid City, SD 57 57701.

Dated October 23, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE